NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 6 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCO GARCIA DIAZ,<br><br>         Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>         Respondent. | No. 22-915<br><br>Agency No.<br>A205-056-561<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2023[**]
Pasadena, California

Before: CALLAHAN, R. NELSON, and BADE, Circuit Judges.

Marco Garcia Diaz ("Petitioner") is a native and citizen of El Salvador. He

petitions for review of a final order of removal issued by the Board of Immigration

Appeals ("BIA"). The BIA affirmed the Immigration Judge's ("IJ") denial of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Petitioner's applications for cancellation of removal, withholding of removal, and protection under the Convention Against Torture ("CAT") implementing regulations.[1] We have jurisdiction under 8 U.S.C. § 1252. We review the agency's legal conclusions *de novo* and its factual findings for substantial evidence. *See Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). We are precluded from reviewing a judgment denying cancellation of removal unless there is a colorable constitutional or legal question. *See* 8 U.S.C. §§ 1252(a)(2)(B)(i), (D); *Patel v. Garland*, 596 U.S. 328, 331, 347 (2022). We deny the petition.

1. Petitioner seeks review of the BIA's denial of his application for cancellation of removal. But Petitioner challenges only the factual determination that he did not demonstrate the required ten years of continuous physical presence needed for relief; he does not raise a legal or constitutional issue. Thus, we lack the jurisdiction to review the denial of cancellation of removal. *See* 8 U.S.C. §§ 1252(a)(2)(B)(i), (D); *Patel*, 596 U.S. at 331, 347.

2. The BIA's denial of Petitioner's claim for withholding of removal is supported by substantial evidence. To qualify for withholding of removal, the applicant must demonstrate that his "life or freedom would be threatened" in the country of removal on account of a protected ground. 8 U.S.C. § 1231(b)(3)(A);

---

[1] The IJ also denied Petitioner's application for asylum, but Petitioner did not contest that finding in his appeal to the BIA, or in his petition for review before this court.

*Davila*, 968 F.3d at 1142 (citations omitted). The applicant must show that a protected ground is "a reason" for the claimed fear of persecution. *Barajas-Romero v. Lynch*, 846 F.3d 351, 359–60 (9th Cir. 2017). Petitioner asserts that the MS-13 gang would target him because of his membership in a particular social group comprised of "Salvadoran males targeted for resisting gang recruitment." But we have rejected similar proposed particular social groups. *See Barrios v. Holder*, 581 F.3d 849, 854–55 (9th Cir. 2009) (rejecting a proposed particular social group of "young men in Guatemala who resist gang recruitment"), *abrogated in part on other grounds*, *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013); *Ramos-Lopez v. Holder*, 563 F.3d 855, 861–62 (9th Cir. 2009) (rejecting a proposed social group of "young Honduran men who have been recruited by the MS-13, but who refused to join"), *abrogated in part on other grounds*, *Henriquez-Rivas*, 707 F.3d 1081. Thus, substantial evidence supports the BIA's determination that Petitioner failed to demonstrate that a protected ground is "a reason" for the claimed fear of persecution. *Barajas-Romero*, 846 F.3d at 359–60.

3. The BIA's denial of CAT relief was also supported by substantial evidence. To establish entitlement to CAT protection, the applicant must show that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). The torture must be "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an

official capacity or other person acting in an official capacity." *Id.* § 1208.18(a)(1). Petitioner alleged that the authorities were corrupt, but he did not provide additional evidence to indicate that the gang members he feared cooperated with law enforcement or that law enforcement officials were complicit in gang violence. *See generally B.R. v. Garland*, 26 F.4th 827, 844–45 (9th Cir. 2022). In fact, the country condition evidence Petitioner provided suggests that the government is making efforts to curb gang-related violence. The BIA's conclusion that Petitioner did not show that the Salvadoran government would acquiesce to the feared torture is supported by substantial evidence.

The petition for review is **DENIED.**